IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH M. WILLIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 11-CV-153-GKF-FHM |
| | ) |
| ANITA TRAMMELL, Warden; | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. In response to the petition, Respondent filed a motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 11). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 13) to the motion to dismiss. Petitioner has also filed a motion for discovery and for appointment of counsel (Dkt. # 14), and a motion to expand record (Dkt. # 17). For the reasons discussed below, the Court finds that Petitioner's motions for discovery, for appointment of counsel, and to expand the record shall be denied at this time. However, to assist the Court in resolving the motion to dismiss, Respondent shall file a supplemental brief addressing the applicability of Wall v. Kholi, 131 S.Ct. 1278 (2011), to this case.

*BACKGROUND*

Petitioner challenges his conviction entered in Delaware County District Court, Case No. CF-2009-127. See Dkt. # 1. The record reflects that on June 3, 2009, the state district judge found Petitioner guilty after accepting his pleas of guilty to Unauthorized Use of a Vehicle, After Former Conviction of a Felony (Count 1); Domestic Abuse -- Assault and Battery (Misdemeanor) (Count 2); Threatening a Violent Act (Misdemeanor) (Count 3); and Resisting an Officer (Misdemeanor) (Count 5). See Dkt. # 12, Ex. 2. Counts 4 (Escape from Arrest or Detention) and 6 (Public

Intoxication) were dismissed. Petitioner was sentenced that day to fifteen (15) years imprisonment on Count 1, one year in the county jail on Counts 2 and 5, and six (6) months in the county jail on Count 3, with the sentences to be served concurrently. Id. Petitioner did not file a motion to withdraw guilty pleas and did not otherwise perfect a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). Id.

On March 12, 2010, Petitioner filed a motion for judicial review. Id. That motion was denied on March 17, 2010. Id.

On May 6, 2010, Petitioner filed an application for post-conviction relief. Id. The state district court denied the application by order filed August 2, 2010. See Dkt. # 12, Ex. 3. Petitioner did not appeal the denial of post-conviction relief. On August 11, 2010, Petitioner filed a second application for post-conviction relief requesting an appeal out of time. That request was denied on August 16, 2010, and Petitioner did not appeal. On August 23, 2010, Petitioner filed a third application for post-conviction relief again requesting an appeal out of time. By Order filed October 13, 2010, the state district court denied Petitioner's third application. See Dkt. # 12, Ex. 4. Petitioner appealed to the OCCA, and by order filed January 18, 2011, in Case No. PC-2010-1063, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 12, Ex. 5.

Petitioner's petition for writ of habeas corpus (Dkt. # 1) was received for filing March 8, 2011. Petitioner signed the declaration under penalty of perjury on March 3, 2011. See Dkt. # 1 at 14. He avers that he placed the petition in the prison mailing system on that date. Id. In response to the petition, Respondent argues that Petitioner's claims are barred by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. ## 11 and 12.

### *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Because Petitioner failed to file a motion to withdraw his guilty pleas in Case No. CF-2009-127, his conviction became final ten (10) days after pronouncement of his Judgment and Sentence, or on Monday, June 15, 2009.[1] See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the

---

[1] In the brief in support of the motion to dismiss, Respondent calculates the one-year limitations period based on the premise that Petitioner's conviction became final on June 13, 2009. Although the tenth day after Petitioner entered his guilty pleas was June 13, 2009, that day fell on a Saturday. As a result, Petitioner's last day to file a timely motion to withdraw his guilty pleas was Monday, June 15, 2009. See Okla. Stat. tit. 12, § 2006(A)(1).

defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). When he failed to file a motion to withdraw his guilty pleas by Monday, June 15, 2009, his one-year federal limitations period began to run the next day, on June 16, 2009. See Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after June 16, 2010, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The petition in this case was not received for filing until March 8, 2011. As stated above, Petitioner avers in his petition that he placed the petition in the prison mail system on March 3, 2011. Unless Petitioner is entitled to statutory or equitable tolling, his petition appears to be untimely.

Prior to expiration of the one-year limitations period, Petitioner sought post-conviction relief. He filed his first application on May 6, 2010, or forty-one (41) days prior to the deadline of June 16, 2010. The state district court denied post-conviction relief on July 28, 2010. Petitioner did not appeal. However, prior to the deadline for filing a post-conviction appeal, he filed a second application for post-conviction relief. That application was denied August 16, 2010. Again, Petitioner did not appeal, but prior to the deadline for filing a post-conviction appeal, he filed a third application for post-conviction relief. The state district court denied Petitioner's third application for post-conviction relief on October 13, 2010. This time, Petitioner appealed. On January 18, 2011, the OCCA affirmed the denial of post-conviction relief.

Petitioner's post-conviction proceedings were pending, uninterrupted for purposes of tolling under 28 U.S.C. § 2244(d)(2), from May 6, 2010, when he filed his first application, until January

18, 2011, when the OCCA affirmed the denial of the third application for post-conviction relief. See Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000). Once the OCCA denied relief, Petitioner had to file his petition within the forty-one (41) days remaining in his one-year period, or on or before February 28, 2011. If Petitioner is given the benefit of the prisoner mailbox rule, see Houston v. Lack, 487 U.S. 266 (1988), the earliest file date for his petition is March 3, 2011, or three (3) days after the one-year limitations period expired.

The record provided by Respondent also reflects that on March 12, 2010, prior to the one-year deadline, Petitioner filed a motion for judicial review. That motion was denied on March 17, 2010. Thus, the motion was pending for five (5) days. If the one-year limitations period was tolled during those five (5) days, this petition would be timely.

In the brief in support of the motion to dismiss, Respondent neither recognizes nor addresses the motion for judicial review. Petitioner does not argue that the limitations period was tolled while his motion was pending. In several unpublished opinions, the Tenth Circuit Court of Appeals has stated that a motion for judicial review, as provided under Oklahoma law, is not a "post-conviction proceeding" for purposes of tolling the AEDPA limitations period under 28 U.S.C. § 2244(d)(2). See, e.g., Bohon v. Oklahoma, 313 Fed. Appx. 82, 84 n.1 (10th Cir. 2008) (unpublished); Nicholson v. Higgins, 147 Fed. Appx. 7, 8 n.2 (10th Cir. 2005) (unpublished) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)); see also Clemens v. Sutter, 230 Fed. Appx. 832, 834 n.1 (10th Cir. 2007) (unpublished). However, the United States Supreme Court recently held that a motion to reduce a state prisoner's sentence filed in accordance with Rhode Island law

qualified as an application for "collateral review" and served to toll the one year limitations period., Wall v. Kholi, 131 S.Ct. 1278 (2011). The Tenth Circuit has not yet addressed whether the Wall holding applies to a case involving a motion for judicial review filed pursuant to Oklahoma law. In light of Petitioner's *pro se* status, the Court finds the issue should be addressed. Therefore, Respondent shall file a supplemental response addressing the applicability of Wall to this case. Petitioner may file a supplemental reply thereafter.

Lastly, the Court shall deny Petitioner's motions for discovery, for appointment of counsel, and to expand the record at this time.  As to Petitioner's request for discovery and to expand the record, the Court finds that should additional records or other information be necessary for resolution of the issues raised in this case, an appropriate order will be entered.  In addition, the Court exercises its discretion to deny Petitioner's request for appointment of counsel at this time. There is no constitutional right to counsel beyond the direct appeal of a conviction. See Swazo v. Wyoming Department of Corrections, 23 F.3d 332 (10th Cir. 1994).

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Petitioner's motion requesting discovery and appointment of counsel (Dkt. # 14) is **denied** at this time.

2. Petitioner's motion to expand record (Dkt. # 17) is **denied** at this time.

3. Within twenty-one (21) days of the entry of this Order, Respondent shall file a supplemental response addressing the applicability of Wall v. Kholi, 131 S.Ct. 1278 (2011), to this case.

4. Petitioner may file a supplemental reply within fourteen (14) days thereafter.

DATED THIS 23rd day of November, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma