**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOSEPH M. WILLIS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )     Case No. 11-CV-153-GKF-FHM |
| | ) |
| ANITA TRAMMELL, Warden, | ) |
| | ) |
|     Respondent. | ) |

**OPINION AND ORDER**

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 11). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 13) to the motion to dismiss. By Opinion and Order filed November 23, 2011 (Dkt. # 18), the Court directed Respondent to file a supplemental response addressing whether Petitioner's 28 U.S.C. § 2254 petition is timely in light of Wall v. Kholi, 131 S. Ct. 1278 (2011). Respondent filed the supplemental response (Dkt. # 21) on December 13, 2011. Petitioner filed a reply (Dkt. # 22). For the reasons discussed below, the Court finds that the motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice as time barred.

*BACKGROUND*

As set forth in the prior Opinion and Order (Dkt. # 18), Petitioner challenges his convictions entered in Delaware County District Court, Case No. CF-2009-127. See Dkt. # 1. The record reflects that on June 3, 2009, the state district judge found Petitioner guilty after accepting his pleas of guilty to Unauthorized Use of a Vehicle, After Former Conviction of a Felony (Count 1); Domestic Abuse -- Assault and Battery (Misdemeanor) (Count 2); Threatening a Violent Act (Misdemeanor) (Count 3); and Resisting an Officer (Misdemeanor) (Count 5). See Dkt. # 12, Ex. 2. Counts 4 (Escape from Arrest or Detention) and 6 (Public Intoxication) were dismissed. Id. He was sentenced that day to

fifteen (15) years imprisonment on Count 1, one year in the county jail on Counts 2 and 5, and six (6) months in the county jail on Count 3, with the sentences to be served concurrently. Id. Petitioner did not file a motion to withdraw guilty pleas and did not otherwise perfect a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). Id.

On March 12, 2010, Petitioner filed a motion for judicial review. Id. That motion was denied on March 17, 2010. Id.

On May 6, 2010, Petitioner filed an application for post-conviction relief. See Dkt. # 12, Ex. 2. The state district court denied the application by order filed August 2, 2010. Id., Ex. 3. Petitioner did not appeal the denial of post-conviction relief. Id., Ex. 2. On August 11, 2010, Petitioner filed a second application for post-conviction relief requesting a post-conviction appeal out of time. Id. That request was denied on August 16, 2010, and Petitioner did not appeal. Id. On August 23, 2010, Petitioner filed a third application for post-conviction relief again requesting a post-conviction appeal out of time. Id. By Order filed October 13, 2010, the state district court denied Petitioner's third application. Id., Ex. 4. Petitioner appealed to the OCCA, and by order filed January 18, 2011, in Case No. PC-2010-1063, the OCCA affirmed the denial of post-conviction relief. Id., Ex. 5.

Petitioner's petition for writ of habeas corpus (Dkt. # 1) was received for filing March 8, 2011. Petitioner states, under penalty of perjury, that he placed the petition into the prison mail system on March 3, 2011. See Dkt. # 1 at 14. Thus, under the prisoner mailbox rule, the earliest file date for this petition is March 3, 2011. See Houston v. Lack, 487 U.S. 266 (1988). In response to the petition, Respondent argues that Petitioner's claims are barred by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. #s 11 and 12.

## *ANALYSIS*

In the prior Opinion and Order (Dkt. # 18), the Court determined that under 28 U.S.C. § 2244(d)(1)(A), Petitioner's convictions became final on the first business day ten (10) days after pronouncement of his Judgment and Sentence, or on June 15, 2009.[1] See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his conviction began to run on June 16, 2009. See Harris v. Dinwiddie, 642 F.3d 902, 906-07 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after June 16, 2010, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The petition in this case was not filed until March 3, 2011, at the earliest. Unless Petitioner is entitled to statutory or equitable tolling, his petition is untimely.

On March 12, 2010, prior to the one-year deadline, Petitioner filed a motion for judicial review. That motion was denied on March 17, 2010. Thus, the motion was pending for five (5) days. In unpublished opinions, panels of the Tenth Circuit Court of Appeals have determined that a motion for judicial review, as provided under Oklahoma law, is not an "application for State post-conviction or other collateral review" for purposes of tolling the limitations period under 28 U.S.C. § 2244 (d)(2). See, e.g., Bohon v. Oklahoma, 313 Fed. Appx. 82, 84 n.1 (10th Cir. 2008) (unpublished)[2]; Nicholson v. Higgins, 147 Fed. Appx. 7, 8 n.2 (10th Cir. 2005) (unpublished) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek

---

[1]Ten (10) days after Petitioner entered his guilty pleas was Saturday, June 13, 2009. Petitioner's last day to file a timely motion to withdraw his guilty pleas was Monday, June 15, 2009.

[2]This and other unpublished opinions cited for persuasive value. See 10th Cir. R. 32.1(A).

3

discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)); see also Clemens v. Sutter, 230 Fed. Appx. 832, 834 n.1 (10th Cir. 2007) (unpublished). However, the United States Supreme Court recently held that a motion to reduce a state prisoner's sentence filed in accordance with Rhode Island law qualified as an application for "collateral review" and served to toll the one year limitations period. Wall v. Kholi, 131 S. Ct. 1278 (2011). Because the Tenth Circuit has not yet addressed whether the Wall holding applies to a case involving a motion for judicial review filed pursuant to Oklahoma law, the Court directed Respondent to file a supplemental response addressing the applicability of Wall to this case.

In the supplemental response (Dkt. # 21), Respondent asserts that Oklahoma's procedure for judicial review, as provided by Okla. Stat. tit. 22, § 982a, is not "collateral review" as defined by the Supreme Court in Wall, and does not serve to toll the one year limitations period under 28 U.S.C. § 2244(d)(2). In the alternative, Respondent argues that even if the motion for judicial review qualifies as "collateral review," Petitioner's motion was not "properly filed." See 28 U.S.C. § 2244(d)(2) (providing that only a "properly filed" application for collateral review tolls the limitations period).

The Court agrees with Respondent's alternative argument. Even if the motion for judicial review qualifies as an application for "collateral review," it was not "properly filed" and, for that reason, did not toll the limitations period. The Supreme Court has found that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). See also Robinson v. Golder, 443 F.3d 718, 720 (10th Cir. 2006) (stating that an application is "properly filed" if it satisfies the State's

4

requirements for filing such a pleading); Habteselassie v. Novak, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (stating that a "properly filed" application complies with filing requirements including: "(1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion"). In Habteselassie, the Tenth Circuit distinguished between applications objectionable based on "pure filing requirements" and those objectionable based on affirmative defenses that preclude a court from granting relief on the merits. Habteselassie, 209 F.3d at 1211. The latter group requires analysis in some manner of the substance of the claims set forth by the petitioner and does not prevent a motion from being "properly filed" for purposes of § 2244(d)(2). Id. "Substantive impediments to relief of this nature include prohibitions against the filing of successive or abusive petitions, the requirement that claims be brought on direct appeal if possible, and the judicial doctrine of res judicata." Id.

Oklahoma law provides that a motion for judicial review must be filed within twelve (12) months after imposition of sentence. Okla. Stat. tit. 22, § 982a(A). The state law also provides that when the sentence was imposed pursuant to a plea agreement, relief under the motion requires consent of the district attorney. Id. (stating that "without the consent of the district attorney, this section shall not apply to sentences imposed pursuant to a plea agreement"). In this case, the record reflects that Petitioner's sentence was imposed upon his plea of guilty and pursuant to a plea agreement. See Dkt. # 12, Ex. 1. As a result, relief under § 982a was not available "without the consent of the district attorney." The record also reflects that Petitioner filed his motion without the consent of the Delaware County District Attorney. See Dkt. # 21, Ex. 2. For that reason, the district

5

judge denied the motion based on a lack of authority. Id., Ex. 3. Having failed to satisfy a condition precedent of § 982a, Petitioner's motion for judicial review was not "properly filed." Therefore, even if the motion qualifies as an application for "collateral review" under 28 U.S.C. § 2244(d)(2), the motion was not "properly filed." For that reason, the one year limitations period was not tolled during the pendency of the motion. The habeas deadline of June 16, 2010, was unaffected by the motion for judicial review.

Petitioner also sought post-conviction relief prior to expiration of the one-year limitations period. He filed his first application on May 6, 2010, or forty-one (41) days prior to the deadline of June 16, 2010. The state district court denied post-conviction relief on August 2, 2010. Petitioner did not appeal. However, prior to the deadline for filing a post-conviction appeal, he filed a second application for post-conviction relief. That application was denied August 16, 2010. Again, Petitioner did not appeal, but prior to the deadline for filing a post-conviction appeal, he filed a third application for post-conviction relief. The state district court denied Petitioner's third application for post-conviction relief on October 13, 2010. This time, Petitioner appealed. On January 18, 2011, the OCCA affirmed the denial of post-conviction relief.

Petitioner's post-conviction proceedings were pending, uninterrupted for purposes of tolling under 28 U.S.C. § 2244(d)(2), from May 6, 2010, when he filed his first application, until January 18, 2011, when the OCCA affirmed the denial of the third application for post-conviction relief. Once the OCCA denied relief, Petitioner had to file his petition within the forty-one (41) days remaining in his one-year period, or on or before February 28, 2011. At the earliest, Petitioner filed his petition on March 3, 2011, when he states under penalty of perjury that he placed the petition into the prison mail system, see Dkt. # 1, or three days late. It appears this petition is time barred.

6

Petitioner filed a response (Dkt. # 13) objecting to the motion to dismiss. He argues that his petition is not time-barred because he has a past history of severe mental illness, he cannot read or write, and he was under the influence of powerful psychotropic drugs on the day he entered his guilty plea. He also claims that his court-appointed counsel coerced him to plead guilty, and that he is "factually innocent of Ct. 1 Unauthorized Use of a Motor Vehicle." (Dkt. # 13). The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, --- U.S. ---, 130 S. Ct. 2549, 2560, 2562 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Petitioner's one-year limitations period had almost expired before he filed his first application for post-conviction relief. Petitioner's claims concerning his mental health at the time he entered his guilty plea do not justify equitable tolling. Nothing in the record suggests that Petitioner was so incapacitated during the limitations period that he was incapable of pursuing his

claims. He provides no medical records or other documentation suggesting that, during the limitations period, he was so incapable of rational thought that he could not take the steps necessary to file a petition for writ of habeas corpus. Alexander v. Cockrell, 294 F.3d 626 (5th Cir. 2002) (habeas petitioner has burden of proof concerning equitable tolling and must demonstrate rare and exceptional circumstances warranting application of doctrine). The Court concludes that Petitioner did not diligently pursue his federal habeas corpus claims. Worley v. Lytle, 221 F.3d 1354 (10th Cir. 2000) (unpublished) (stating that tolling would be allowed only under "exceptional circumstances," such as an adjudication of incompetency, institutionalization based on the alleged mental incapacity, or incapacitation to the degree that the litigant is unable to pursue his or her suit). Furthermore, Petitioner's conclusory statement concerning his inability to read and write is insufficient to demonstrate entitlement to equitable tolling. Yang, 525 F.3d at 929-30 n.7 (collecting cases standing for proposition that claims alleging an inability to read or write in either English or Spanish are not "extraordinary circumstances" warranting equitable tolling). Petitioner simply waited too long to begin post-conviction proceedings and to file this habeas corpus petition. As a result, Petitioner is not entitled to equitable tolling based on his claims that he has a history of mental health problems and that he cannot read or write.

In addition, despite pleading guilty to the crimes for which he was convicted, Petitioner now makes an unsupported claim of actual innocence as to his conviction for Unauthorized Use of a Motor Vehicle. See Dkt. # 13. The Tenth Circuit has held that where "a petitioner argues that he is entitled to equitable tolling because he is actually innocent, . . . the petitioner need make no showing of cause for the delay." Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010). Rather, "a sufficiently supported claim of actual innocence creates an exception to procedural barriers for

bringing constitutional claims, regardless of whether the petitioner demonstrated cause for failure to bring these claims forward earlier." Id. at 1230-31. To establish a credible claim of actual innocence, a petitioner must support his claim with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), and show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327. In this case, Petitioner provides no new evidence supporting his claim of actual innocence. For that reason, his claim of actual innocence does not entitle him to equitable tolling. This petition is time-barred.

## *CONCLUSION*

The Court concludes that Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

## **Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition,

when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that, because jurists of reason could find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether this Court was correct in its procedural ruling that Petitioner's motion for judicial review was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2), the Court grants a certificate of appealability as to that issue.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 11) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A certificate of appealability is **granted** as to the Court's procedural ruling that Petitioner's motion for judicial review was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2).

4. A separate Judgment shall be entered in this case.

DATED THIS 24th day of January, 2012.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma